1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LANDERHOLM PS et al.,

                  Plaintiffs,

    v.

MIKE J. AUBREY et al.,

                  Defendants.

CASE NO. 3:24-cv-05670-DGE

ORDER REMANDING CASE TO
CLARK COUNTY SUPERIOR
COURT (AND IN THE
ALTERNATIVE DISMISSING
WITHOUT PREJUDICE)

On August 15, 2024, Defendants filed a Notice of Removal, seeking removal "of this action from the State of Washington[,] Clark County, where it is now pending[.]"  (Dkt. No. 1 at 1.)  However, Defendants did not file a copy of any complaint.  Instead, Defendants filed only an "Amended Notice of Trustee's Sale."  (Dkt. No. 1-4.)

On August 16, 2024, the Court advised Defendants that, pursuant to Local Civil Rule 101(b), they were required to submit with their Notice of Removal a copy of the operative state court complaint, which must be attached as a separate "attachment" in the electronic filing

system and labeled as the "complaint" or "amended complaint." (Dkt. No. 2.)  Defendants did not do so.

On August 26, 2024, the Court ordered Defendants to show cause, no later than September 4, 2024, why this case should not be remanded to state court for lack of subject matter jurisdiction.  The Court ordered Defendants to file, as part of their response, a copy of the Plaintiff's state court complaint.  On September 5, 2024, Defendants responded to the Court's order to show cause.  Defendants also filed a purported "Amended Complaint," but did not submit a copy of a state court complaint to support the Notice of Removal that Defendants filed to initiate proceedings in this Court.

The presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Provincial Gov't of Marinduque v. Placer Dome, Inc*., 582 F.3d 1083, 1091 (9th Cir. 2009). "In determining the existence of removal jurisdiction, based upon a federal question, the court must look to the complaint as of the time the removal petition was filed." *Abada v. Charles Schwab & Co.*, 300 F.3d 1112, 1117 (9th Cir. 2002) (italics omitted).  As discussed in its earlier order, the Court cannot assess whether removal was proper, and whether it therefore has federal question jurisdiction over this case, without a copy of the operative state court complaint.

Similarly, to the extent Defendants allege the existence of federal question jurisdiction on the basis of defenses and or/counterclaims, these cannot form the basis for federal jurisdiction. *Vaden v. Discover Bank*, 556 U.S. 49, 60, (2009) (federal question jurisdiction cannot "rest upon an actual or anticipated counterclaim"); *Valles v. Ivy Hill Corp*., 410 F.3d 1071, 1075 (9th Cir.

1    2005) ("A federal law defense to a state-law claim does not confer jurisdiction on a federal

2    court.").

3          It is a "longstanding, near-canonical rule that the burden on removal rests with the

4    removing defendant." *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006).

5    Defendants have not met their burden to establish the Court has subject matter jurisdiction over a

6    complaint filed in the Clark County Superior Court.

7          Accordingly, this case is REMANDED to the Clark County Superior Court.  If a remand

8    cannot be accomplished because there is no pending state court action, this matter is

9    DISMISSED without prejudice.

10         To the extent Defendants seek to initiate their own action in this Court, Defendants will

11   need to use the normal procedures to initiate and file their own complaint.  Accordingly,

12   Defendants' purported "Amended Complaint" (Dkt. No. 11) is DISMISSED without prejudice.

13         The Clerk of Court is directed to close this file.

14

15         Dated this 6th day of September, 2024.

16

17

18                                    David G. Estudillo
                                      United States District Judge

19

20

21

22

23

24